# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DISCENZO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HARDIN TRUCKING, a California Corporation,<br><br>Defendant. | Case No. 13-cv-512 BAS (MDD)<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 14)** |

On March 20, 2014, Defendant Hardin Trucking moved for partial summary judgment on Plaintiff Joseph Discenzo's first, sixth, and seventh causes of action. After briefing on the motion completed, the Ninth Circuit settled an outstanding issue of law, clarifying that the Federal Aviation Administration Authorization Act ("FAAAA") did not preempt California state laws on rest periods and meal periods. *Dilts v. Penske Logistics, LLC*, 12-55705, 2014 WL 4401243 (9th Cir. Sept. 8, 2014).

Hardin's motion for partial summary judgment seeks to strike Discenzo's sixth and seventh claims for failure to provide meal periods and failure to provide

rest periods (respectively, both under California law) as preempted by the FAAAA. In light of the Ninth Circuit's decision in *Dilts*, Hardin's motion for partial summary judgment as to these claims is **DENIED.**

## DISCUSSION

Hardin also challenges Discenzo's first cause of action for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207. Hardin argues that the Motor Carrier Act ("MCA") exemption (29 U.S.C. § 213(b)(1)) under the FLSA applies to Discenzo because Hardin is mainly involved in interstate commerce, and therefore Discenzo is exempted from the FLSA's overtime wages provision. Discenzo argues that there are material facts showing he was engaged in intrastate commerce.

### A. *Facts*

Hardin Trucking regularly transports dry cargo throughout Southern California. ECF 14-1, 6:14–15. This includes Power-Sonic batteries manufactured in Mexico, plastic bags labeled for frozen hamburger patties manufactured in China, liquid Vitamin E manufactured in Chicago, and grain grown in Washington and Oregon. *Id.* at 3:19–4:15.

Discenzo is a former employee of Hardin Trucking. Discenzo never crossed state lines within the scope of his employment with Hardin Trucking. ECF 17, 3:19–21. He transported paper goods manufactured in Los Angeles and delivered them to San Diego, carried electronic recyclables and frozen gel packs within San Diego County, carried HAZMAT materials from Santa Fe Springs to Vista, carried medical plastics from Los Angeles County to San Diego, and conducted emergency deliveries. *Id.* at 4:1–24.

### B. *Legal Standard*

Summary judgment is appropriate on "all or any part" of a claim if there is an absence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *see also Celotex Corp. v. Catrett,*

1  477 U.S. 317, 322 (1986) ("*Celotex*"). A fact is material when, under the
2  governing substantive law, the fact could affect the outcome of the case. *See*
3  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also Freeman v.*
4  *Arpaio,* 125 F.3d 732, 735 (9th Cir. 1997). A dispute about a material fact is
5  genuine if "the evidence is such that a reasonable jury could return a verdict for the
6  nonmoving party." *Anderson,* 477 U.S. at 248.  One of the principal purposes of
7  Rule 56 is to dispose of factually unsupported claims or defenses. *See Celotex,* 477
8  U.S. at 323–24.

9  The moving party bears the initial burden of establishing the absence of a
10 genuine issue of material fact. *See Celotex,* 477 U.S. at 323.  "The burden then
11 shifts to the nonmoving party to establish, beyond the pleadings, that there is a
12 genuine issue for trial."   *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987
13 (9th Cir. 2006) (citing *Celotex*, 477 U.S. at 324).

14 "When the party moving for summary judgment would bear the burden of
15 proof at trial, it must come forward with evidence which would entitle it to a
16 directed verdict if the evidence went uncontroverted at trial.  In such a case, the
17 moving party has the initial burden of establishing the absence of a genuine issue
18 of fact on each issue material to its case." *C.A.R. Transportation Brokerage Co.,*
19 *Inc. v. Darden Restaurants, Inc.,* 213 F.3d 474, 480 (9th Cir. 2000) (quoted by
20 *Miller*, 454 F.3d at 987).

21 "In contrast, when the non-moving party bears the burden of proving the
22 claim or defense, the moving party can meet its burden by pointing out the absence
23 of evidence from the non-moving party. The moving party need not disprove the
24 other party's case." *Miller*, 454 F.3d at 987 (citing *Celotex,* 477 U.S. at 325).
25 "Thus, '[s]ummary judgment for a defendant is appropriate when the plaintiff fails
26 to make a showing sufficient to establish the existence of an element essential
27 to[his] case, and on which [he] will bear the burden of proof at trial.' " Miller, 454
28 F.3d at 987 (quoting *Cleveland v. Policy Management Sys. Corp.,* 526 U.S. 795,

805–06 (1999) (internal quotations omitted)).

A genuine issue at trial cannot be based on disputes over "irrelevant or unnecessary facts[.]" *See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Similarly, "[t]he mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995) (citing *Anderson,* 477 U.S. at 252). The party opposing summary judgment must "by [his or her] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Celotex,* 477 U.S. at 324 (quoting Fed. R. Civ. P 56(e)). That party cannot "rest upon the mere allegations or denials of [his or her] pleadings." Fed.R.Civ.P. 56(e).

The Court is not obligated "to scour the records in search of a genuine issue of triable fact." *Keenan v. Allan,* 91 F.3d 1275, 1279 (9th Cir. 1996) (citing *Richards v. Combined Ins. Co.,* 55 F.3d 247, 251 (7th Cir. 1995)). "[T]he district court may limit its review to the documents submitted for the purposes of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1030 (9th Cir. 2001).

When making its determination, the Court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, [when] he [or she] is ruling on a motion for summary judgment." *Anderson*, 477 U.S. at 255.

### C. *"Motor Carrier" Exemption*

The FLSA requires employers engaged in interstate commerce to pay their employees overtime wages for work in excess of forty hours per week. *See* 29

1  U.S.C. § 207(a)(1). However, any employee over whom the Secretary of
2  Transportation can exercise power under the MCA is exempted from this
3  provision. *Id.* § 213(b)(1). This is designed to reduce jurisdictional conflicts. *See*
4  *Spires v. Ben Hill County,* 980 F.2d 683, 686 (11th Cir.1993).

5        FLSA exemptions are narrowly construed against the employer, applying
6  only to those employees "plainly and unmistakably within [the] terms and spirit"
7  of the exemption. *Arnold v. Ben Kanowsky, Inc.,* 361 U.S. 388, 396 (1960). The
8  employer bears the burden of asserting the exemption. *See id.* at 394 n. 11.

9        Hardin's evidence presented on summary judgment exclusively goes to the
10 character of its business generally, not to Discenzo's interstate actions within the
11 scope of his employment. As such, Hardin fails to meet its burden. Accordingly,
12 summary judgment is **DENIED**.

13       **IT IS SO ORDERED.**

14 **DATED: September 26, 2014**

Hon. Cynthia Bashant
United States District Judge